IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIM. ACTION: 1:23-00111-KD-MU |
| | ) |
| OTIS SANDERS, JR., *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on Defendant Quenton James Franklin's oral motion to sever. In a break during jury selection and outside of the presence of the jury, counsel for Franklin indicated to the Court that Franklin's co-defendant, Otis Sanders, Jr., stated that morning to Franklin's counsel that Franklin had nothing to do with the conspiracy to possess with intent to distribute methamphetamine allegation that is at the heart of this case. (See Doc. 212; Count One of the Superseding Indictment). The only charge against Franklin in this case is Count One – conspiracy to possess with intent to distribute methamphetamine. (See id.). Both Sanders and Sanders' counsel represented to the Court that Sanders would testify in favor of Franklin in a subsequent trial as to Franklin's lack of involvement in any conspiracy to possess with intent to distribute methamphetamine.

A district court may sever the trial of co-defendants whenever it appears that a defendant would be prejudiced by his joint trial with a co-defendant. U.S. v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999) (citing Fed. R. Crim. P. 14). "Where a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, he must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would indeed have testified at a separate trial." Cobb, 185 F.3d at 1197 (cleaned up). "Even if the defendant makes such a showing,

the court must still (1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." Id. After consideration of the above, and for reasons specifically set forth on the record, the Court **GRANTS** Franklin's oral motion to sever, thereby severing him as a defendant in this case.

**DONE** and **ORDERED** this the **1st** day of **April 2024.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**